# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| DONNIE D. ESHELMAN, | : | Case No. 3:16-cv-00345 |
| --- | --- | --- |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| MESSER CONSTRUCTION CO., | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Donnie D. Eshelman, a resident of Dayton, Ohio, brings this case *pro se* against his former employer Defendant Messer Construction Co. Eshelman states in his Complaint that he has been diagnosed with polycystic kidney disease (PKD). He asserts that Defendant terminated his employment and failed to reasonably accommodate his disability (PKD) in violation of the Americans with Disabilities Act of 1990 and Ohio law.

The case is present before the Court upon Defendant's Motion to Dismiss for Failure to Prosecute. (Doc. #8). On April 24, 2017, the Court issued a Notice to Eshelman informing him that his response to Defendant's Motion to Dismiss was due by May 15, 2017 and warning him that if he failed to file a timely response, Defendant's

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Motion may be granted and his case dismissed. (Doc. #9). Plaintiff has neither opposed nor responded to Defendant's Motion to Dismiss.

Other than filing his Complaint and participating in preparation of the parties' Rule 26(f) Report, Eshelman has not prosecuted his case. His inactivity means he has not participated in discovery and leaves the record void of any explanation for this. Additionally, his silence in response to Plaintiff's Motion to Dismiss leaves the record void of any explanation for his noncompliance with the Court's Preliminary Pretrial Conference Order. And, he has not taken any action in this case since participating in the preparation of the parties' Rule 26(f) report in October 2016. Discovery in this case closed on April 20, 2017. (Doc. #6).

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). District courts, moreover, have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). In light of the above-described circumstances, and including the prior Notice to Plaintiff that his case may be dismissed if he did not respond to Defendant's Motion to Dismiss, dismissal of this case is warranted due to Plaintiff's failure to prosecute. *See id.*; *see also* Fed. R. Civ. P. 41(b).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant's Motion to Dismiss for Failure to Prosecute (Doc. #8) be granted and Plaintiff's Complaint be dismissed without prejudice; and

    2.    The case be terminated on the Court's docket.

May 19, 2017                                         *s/Sharon L. Ovington*
                                                                  Sharon L. Ovington
                                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).